**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

RAVINDER SINGH                                                                    **PETITIONER**

**v.**                                                                                **CIVIL ACTION NO. 5:20-cv-55-DPJ-MTP**

SHAWN R. GILLIS                                                                        **RESPONDENT**

<u>**REPORT AND RECOMMENDATIONS**</u>

THIS MATTER is before the Court on Respondent's Motion to Dismiss [12].  On March 4, 2020, Petitioner filed a Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241, asserting that he had been detained in immigration custody in excess of six months.  Petitioner argues that his extended detention violates the Immigration and Nationality Act and violates his substantive and procedural due process rights.  Petitioner seeks release from immigration custody.

On April 24, 2020, Respondent filed a Response [10] opposing the Petition [1].  On June 17, 2020, however, Respondent filed the instant Motion [12] arguing that the Petition [1] should be dismissed as moot because Petitioner was deported from the United States to India on May 18, 2020. *See* Declaration [12-1].  Petitioner did not respond to the Motion [12].

Because the relief Petitioner seeks is his release from immigration custody, the Petition [1] became moot upon his deportation from the United States, which terminated his immigration detention. *See Ighekpe v. Sourkaris*, 2006 WL 297746, at *2 (N.D. Tex. Jan. 30, 2006) (citing *Odus v. Ashcroft*, 61 Fed. App'x 121 (5th Cir. 2003); *Lay v. I.N.S.*, 2002 WL 32494536, at *1 (N.D. Tex. Dec. 17, 2002)).  The Petition [1] no longer presents a live case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution.  Therefore, it should be dismissed as moot.

**RECOMMENDATION**

For the reasons set forth herein, the undersigned recommends that Respondent's Motion the Dismiss [12] be GRANTED and the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 6th day of July, 2020.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE